# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAPHNE FAITH EILAND,**
    **Appellant,**

  **v.**              **Case No. 14-C-1077**

**STATE OF WISCONSIN DEPARTMENT**
**OF CHILDREN AND FAMILIES,**
    **Appellee.**

---

## <u>ORDER</u>

Daphne Eiland has filed an appeal from an order of the bankruptcy court finding nondischargeable her debt to the State of Wisconsin Department of Children and Families ("DCF").  The bankruptcy court determined that the debt was nondischargeable for two reasons: (1) Eiland had failed to give notice of the bankruptcy to DCF and also failed to provide for the debt in her Chapter 13 plan, <u>see</u> 11 U.S.C. § 523(a)(3); and (2) the debt was for money that Eiland obtained through fraud, <u>see</u> 11 U.S.C. § 523(a)(2)(A).

After Eiland filed this appeal, however, she filed a motion to dismiss her Chapter 13 case, which the bankruptcy court granted.  Eiland then commenced a second Chapter 13 case.  <u>See</u> E.D. Wis. Bankr. Case No. 14-33539.  But the bankruptcy court has since dismissed Eiland's second case, and as far as the present record reveals, Eiland has not filed a third bankruptcy case and has no plans to file a new bankruptcy at any time in the future.  A question thus arises as to whether the present appeal should be dismissed as moot: If Eiland is not currently seeking bankruptcy protection and has no plans to file for bankruptcy at any point in the foreseeable future, it is hard to see how the bankruptcy

court's order finding her debt to DCF nondischargeable could affect her rights. In other words, the order would be causing Eiland no "actual and imminent" injury; at best, the injury would be "conjectural or hypothetical," which is insufficient for Article III purposes. See Parvati Corp. v. City of Oak Forest, Ill., 630 F.3d 512, 516 (7th Cir. 2010).

In its brief, DCF argued that this case is not moot because the order under review will have a preclusive effect in Eiland's second bankruptcy case.[1] However, DCF made that argument before Eiland dismissed her second bankruptcy case. Moreover, it is not clear that the potential preclusive effect of the order is enough to prevent mootness. See, e.g., Parvati, 630 F.3d at 518 ("If the potential preclusive effect of a judgment in a subsequent case were enough to avoid mootness, then no case would ever be moot.").

Given the state of the record and the uncertainty as to whether this appeal is moot, I will require Eiland to show cause why this appeal should not be dismissed as moot. If Eiland does not file a response to this show-cause order within 30 days, then I will dismiss the appeal as moot. If Eiland files a response, then DCF may file a reply. After receiving the reply, I will decide whether this appeal is moot and, if I find that it is not, will also decide the merits.

---

[1]It is odd that DCF is the party arguing that this appeal is not moot. DCF seems to believe that if the appeal is moot, then the nondischargeability order will not have a preclusive effect in any future bankruptcy, thus allowing Eiland to relitigate the issue of whether her debt to DCF is nondischargeable. However, when a case becomes moot on appeal, the lower-court order retains its preclusive effect unless it has been vacated. See, e.g., U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18, 222–23 (1994); United States v. Munsingwear, Inc., 340 U.S. 36 (1950). Here, Eiland has not sought vacatur of the bankruptcy court's order. Moreover, if this appeal is moot, such mootness will have been caused by Eiland's own actions, and therefore she would likely not be entitled to have the order vacated. See U.S. Bancorp, 513 U.S. at 23 (noting that vacatur is usually not proper when case becomes moot on appeal due to action of one of the parties).

Accordingly, **IT IS ORDERED** that, within 30 days of the date of this order, Eiland must show cause why this appeal should not be dismissed as moot. If Eiland fails to comply with this order, I will dismiss the appeal as moot. If Eiland files a response to this order, DCF will have 21 days within which to file a reply.

Dated at Milwaukee, Wisconsin this 11th day of March, 2015.


s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge